UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CYNTHIA L. ROERS and<br>ALAN J. ROERS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br>COUNTRYWIDE BANK, N.A. and<br>LANDSAFE APPRAISAL SERVICES,<br>INC., a Minnesota corporation,<br><br>Defendants. | Civil No. 10-3107 (JRT/TNL)<br><br><br>**MEMORANDUM OPINION AND<br>ORDER ON THE REPORT AND<br>RECOMMENDATION OF THE<br>MAGISTRATE JUDGE** |

Beau D. McGraw, **MCGRAW LAW FIRM, PA**, 10390 39th Street North, Lake Elmo, MN 55042, for plaintiff Cynthia L. Roers.

Alan J. Roers, P.O. Box 189, Maple Plain, MN 55359, plaintiff *pro se*.

Michael G. Patiuk and Jodee K. McCallum, **THOMPSON, COE, COUSINS & IRONS, LLP**, 408 St. Peter Street, Suite 510, St. Paul, MN 55102, for defendants.

This action arose from the purchase by Plaintiffs Alan J. Roers ("Alan") and Cynthia L. Roers ("Cynthia") of a property in Minnetristra, MN ("the Ranch"). At the time of purchase, Alan and Cynthia believed they had bought the entire forty-five acres of the Ranch, but after the purchase was complete, they discovered that they had only purchased twenty-five acres of the property. Defendants Countrywide Home Loans, Inc. and Countrywide Bank, N.A. (collectively "Countrywide") provided financing for the

purchase of the Ranch, and Defendant LandSafe Appraisal Services, Inc. ("LandSafe")[1] conducted the appraisals of the Ranch for Countrywide. Cynthia brings claims against Defendants for misrepresentation, negligent misrepresentation, and recession based on mutual mistake. Alan brings claims against Defendants for negligent misrepresentation, recession based on mutual mistake, and breach of fiduciary duty.

On June 18, 2012, United States Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R") recommending that the Court grant the Defendants' motion for summary judgment, deny the Defendants' motion to strike, and deny Cynthia's partial motion for summary judgment. Alan and Cynthia both made timely objections to the R&R. Having conducted a *de novo* review of those portions of the R&R to which the parties object, *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2(b), and having carefully reviewed the submitted materials, the Court will adopt in part the report section of the R&R and will adopt in full its recommendation.

## BACKGROUND[2]

In July 2006, Alan and Cynthia Roers[3] became interested in buying the Ranch. (Cynthia Roers Compl. ¶ 6, July 26, 2012, Docket No. 1.) Both the seller and the seller's

---

[1] Although Alan listed Bank of America in the caption of his Complaint, he states in the body of his complaint that Bank of America is also known as Countrywide Home Loans and LandSafe Appraisal Services, Inc. (*see generally* Alan Roers Compl., Oct. 22, 2012, Docket No. 12.) Because Defendants respond to all claims collectively, the Court will refer to Defendants collectively.

[2] The Court only recites the facts necessary to rule on Alan and Cynthia's specific objections to the R&R. For a complete recitation of the facts, see R&R at 2-7.

[3] Alan and Cynthia divorced in June 2009. (Alan Roers Compl. ¶ 33.)

realtor told Alan and Cynthia that the Ranch included approximately forty-five acres. (*Id.* ¶ 7.)  On July 28, 2006, Alan signed a purchase agreement, agreeing to purchase the property at "20 Co Rd N 20 S, Minnetrista, MN" for $4.1 million.  (Aff. of Michael G. Patiuk, Ex. E, Purchase Agreement, Feb. 2. 2012, Docket No. 31.)   Although neither Alan nor Cynthia realized it at the time, this description did not include the front twenty acres of the Ranch.  (Alan Roers Compl. ¶ 32, Oct. 22, 2012, Docket No. 12.)

Alan sought financing for the purchase of the Ranch from Jodi Ennen of Countrywide Home Loans.  (*See id.* ¶ 8.)  After Allen was unable to qualify for financing on his own (*see id.* ¶ 9), Ennen proposed that some of Cynthia's property be used to secure the loan on the Ranch (*see id.* ¶ 10).  Ultimately, after Ennen suggested that the Roers could subdivide the front twenty acres of the Ranch to pay off the mortgage, Cynthia decided to mortgage two of her properties to help secure the loan.  (Aff. of Michael G. Patiuk, Ex. B, Dep. of Cynthia L. Roers at 31:13-32:1.)

Before approving the loan for the Ranch, Ennen had two appraisals conducted on the Ranch by LandSafe.  (Aff. of Michael G. Patiuk, Ex. C, Dep. of Jodi Ennen at 24:9-17.)  Each appraiser concluded that the Ranch property consisted of approximately forty-five acres and was worth at least $4.1 million.  (*See* Aff. of Michael G. Patiuk, Ex. F.)

Alan and Cynthia closed on the Ranch in December 2006, and the Ranch purchase was financed with loans secured by the Ranch and Cynthia's two properties.  (Aff. of Michael G. Patiuk, Exs. G, H, & I.)  In April 2007, Alan and Cynthia discovered that they had not purchased the front twenty acres of the Ranch.  (*See* ¶ 31.)  Alan and Cynthia have previously sought relief in state court from the seller, realtor, and real estate agency,

but they have settled those claims. (*See* R&R at 6-7.) In this action, Alan and Cynthia seek relief from the lenders and the lenders' appraisal service.

Cynthia now moves for partial summary judgment on her mutual mistake claim. Defendants move for summary judgment on all of Alan and Cynthia's claims.[4] The R&R recommended denying Cynthia's motion and granting Defendants' motion. Cynthia only objects to the recommendation that summary judgment should be granted to Defendants on her mutual mistake of fact claims. Alan objects to the recommendation that summary judgment should be granted to Defendants on each of his claims.

## DISCUSSION

### I.   STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[4] Defendants also moved to strike an Affidavit by Cynthia in the Memorandum in Opposition to Cynthia's Motion for Partial Summary Judgment. (*See* Docket No. 39.) The Court will adopt the R&R's recommendation to deny this motion because no party has objected.

## II.   ALAN'S NEGLIGENT MISREPRESENTATION CLAIM AND BREACH OF FIDUCIARY DUTY CLAIMS

Alan objects to the recommendation that his negligent misrepresentation[5] and breach of fiduciary duty claims be dismissed.  The R&R recommended the dismissal of both claims because Alan had not shown that Ennen – and thus Defendants – owed him a duty.  *See M.H. v. Caritas Family Servs.*, 488 N.W.2d 282, 287 (Minn. 1992) ("No duty is owed, however, unless the plaintiff's interests are entitled to legal protection against the defendant's conduct.").

Lenders owe no fiduciary duty to a borrower unless the "bank knows or has reason to know that the customer is placing his trust and confidence in the bank and is relying on the bank so to counsel and inform him."  *Klein v. First Edina Nat'l Bank*, 196 N.W.2d 619, 623 (Minn. 1972).  Alan does not allege any special relationship with Ennen or Defendants to support a fiduciary relationship.[6]  Because neither Defendants nor Ennen owed a duty to Alan, the Court will grant summary judgment to Defendants on his negligent misrepresentation and breach of fiduciary duty claims.

---

[5] In order to plead a claim for negligent misrepresentation under Minnesota law, a plaintiff must allege, among other things, that defendant owed a duty of reasonable care to the plaintiff.  *See M.H. v. Caritas Family Servs.*, 488 N.W.2d 282, 287 (Minn. 1992).

[6] Alan quotes *Hope v. Klabel* for the proposition that a "fiduciary relationship exists when confidence is reposed on one side and there is resulting superiority and influence on the other . . . ." 457 F.3d 784, 791 (8th Cir. 2006) (internal quotation marks omitted).  But Alan does not produce any evidence to indicate Ennen assumed a duty to protect his rights, or any facts that suggest he sufficiently relied on Ennen to form a fiduciary relationship.

## III.    MUTUAL MISTAKE OF FACT

Both Alan and Cynthia object to the R&R's recommendation that Defendants' motion for summary judgment should be granted on their mutual mistake claims. Minnesota courts apply the Restatement (Second) of Contracts § 152(1) to mutual mistake claims.[7]  *See SCI Minnesota Funeral Servs., Inc. v. Washburn-McReavy Funeral Corp.*, 795 N.W.2d 855, 863 n.6 (Minn. 2011); *Winter v. Skoglund*, 404 N.W.2d 786, 793 (Minn. 1987).  The Restatement provides:

> Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable **by the adversely affected party** unless he bears the risk of the mistake . . . .

Restatement (Second) of Contracts § 152 (1981) (emphasis added).  The mistake must also be not just about the monetary value of land but about the "very nature of the property." *Gartner v. Eikill*, 319 N.W.2d 397, 399 (Minn. 1982).

The R&R recommended granting Defendants' motion for summary judgment on Alan and Cynthia's mutual mistake of fact claim because the parties' mistake was only a mistake as to value and did not go to the fundamental subject matter of the transaction. (*See* R&R at 28.)  Alan and Cynthia object to this determination, arguing that a mistake about the amount of land being mortgaged is fundamental to a lending transaction. . Even if the amount of land was a basic assumption on which the exchange was based, the

---

[7] The Restatement's basic-assumption test applies to mutual mistake claims "outside the stock sale context[.]" *SCI Minnesota Funeral Servs., Inc. v. Washburn-McReavy Funeral Corp.*, 795 N.W.2d 855, 863 n.6 (Minn. 2011).  The Court finds that *Costello v. Sykes*, 172 N.W. 907 (Minn. 1919) (addressing the applicability of mutual mistake to stock sales), is inapplicable.

Court still finds that Alan and Cynthia are not entitled to relief under the doctrine of mutual mistake because Alan and Cynthia are not the adversely affected parties.

For a party to show it is adversely affected, it must demonstrate that "the exchange is not only less desirable to him but is also more advantageous to the other party." Restatement (Second) of Contracts § 152, cmt. c (1981). Alan and Cynthia mortgaged property that is worth less than either party believed but they still received the entire sum they requested; consequently, the exchange was not more advantageous to the Defendants.[8] Indeed, Alan and Cynthia were not adversely affected by the mistake **in this transaction**[9] because they received all the money they asked for. If, however, Alan and Cynthia are unable to repay Defendants' loan, the **Defendants** will be adversely affected if the value of the mortgaged property does not equal the money they loaned. Because the Court concludes that the Defendants are the adversely affected party in the mortgage transaction, Alan and Cynthia are not entitled to relief under the doctrine of mutual mistake, and the Defendants' motion for summary judgment on this claim will be granted.

---

[8] Both Alan and Cynthia cite to *Thwing v. Hall & Ducey Lumber Co.*, 41 N.W. 815 (Minn. 1889). The Court finds the case inapplicable. In *Thwing*, both parties were mistaken about the amount of harvestable lumber on the land. *Id.* at 186. The Minnesota Supreme Court upheld the district court's order for recession based on mutual mistake, permitting the buyer to recover the purchase price of the land. *Id.* at 186-87. Here, however, the transaction was not to purchase property but to secure a mortgage; and while the seller of the Ranch certainly received an advantage in the exchange between the buyer and the seller, the Defendants did not similarly benefit.

[9] Although Alan and Cynthia were adversely affected in their transaction to **purchase** the property, that transaction is irrelevant to this analysis.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the objections of Cynthia Roers and Alan Roers and **ADOPTS as modified** the Report and Recommendation of the Magistrate Judge dated June 18, 2012 [Docket No. 53]. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Defendants' Motion to for Summary Judgment [Docket No. 28] is **GRANTED**;

2. The Defendants' Motion to Strike [Docket No. 39] is **DENIED**;

3. Cynthia Roers's Motion for Partial Summary Judgment [Docket No. 22] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 17, 2012　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge